### J. A. Matheny, Appellee, v. E. L. Lees, Appellant

### (Not to be reported in full.)

Appeal from the City Court of Pana; the Hon. D. W. MADDOX, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

## Statement of the Case.

Appeal by the defendant, E. L. Lees, from a judgment recovered against him by J. A. Matheny for $246.37, in an action of assumpsit, based upon the following written memorandum:

"PANA, ILL., 4-9-'11.

This is to certify that J. A. Matheny has half interest in the note and mortgage on Tower Hill meat market, less expenses, amount about $600.00.

(Signed)      E. L. LEES."

Such instrument was given to appellee by appellant at the conclusion of a real estate deal in which both had an interest. The note and mortgage taken in the name of appellant represented the commissions of appellee and appellant for negotiating the sale of the property.

The evidence showed that appellee and appellant had been partners in the insurance business for about a year, and that in addition to that business they negotiated several real estate deals.

It was the contention of appellee that the real estate deals constituted no part of the partnership business, but were carried on as independent transactions and that at the conclusion of each a settlement was made for the work each had done in reference to the same; and that the only deal remaining undisposed of at the time of the suit in question was that here involved. Appellant contended that these real estate deals were partnership affairs, and that one partner cannot sue another at law until a dissolution of the partnership.

The court refused to submit to the jury the following special interrogatory requested by the appellant:

"Did the plaintiff and the defendant, during the time they were associated together, deal in real estate generally for their mutual profit, sharing the profits, losses and expenses incident to said business?"

E. E. DOWELL and R. J. MONROE, for appellant.

GEORGE T. WALLACE, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. PARTNERSHIP, § 102*—*when question for jury whether obligation between partners relates to partnership matter.* Whether a written promise to pay given by one partner to his copartner relates to a partnership transaction so as to prevent the maintenance of an action at law thereon, is a question for the jury.

2. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence conclusive.* A finding of a jury based on conflicting evidence, that a promise of one partner to pay a sum of money to his copartner did not relate to a partnership transaction, is conclusive on appeal.

3. TRIAL, § 276*—*when special interrogatories submitted to jury.* A special interrogatory should not be submitted to the jury unless it relates to an ultimate fact.

4. TRIAL, § 276*—*when special interrogatory does not relate to ultimate fact.* A requested special interrogatory *held* not to relate to an ultimate fact.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.